IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| GALEN EUGENE KLAUMAN and DAWN LYNETTE KLAUMAN, | * | |
| | * | |
| Plaintiffs/Appellants, | * | |
| vs. | | CASE NO: 4:08-CV-75 (CDL) |
| | * | 4:08-MC-04 (CDL) |
| GMAC MORTGAGE, LLC, | * | |
| Defendant/Appellee. | * | |

| | | |
|---|---|---|
| BENTON ALPHONSUS WADE, and MAEZINE ROBERTA TURNER WADE, | * | |
| | * | |
| Plaintiffs/Appellants, | * | |
| vs. | | CASE NO: 4:08-CV-76 (CDL) |
| | * | 4:08-MC-03 (CDL) |
| HOMECOMINGS FINANCIAL, LLC | * | |
| Defendant/Appellee. | * | |

O R D E R

In these bankruptcy appeals, Appellants appeal the bankruptcy court's dismissal of their adversary proceeding complaints for lack of subject matter jurisdiction.[1] Appellees move to dismiss these appeals, contending that Appellants' notices of appeal were untimely.

---

[1] These appeals have been consolidated pursuant to the Court's text-only order entered on June 24, 2008. The adversary proceedings were also consolidated in the bankruptcy court.

1

For the following reasons, Appellees' motions to dismiss (Docs. 7 & 14) are granted, and these appeals are dismissed.[2]

BACKGROUND

On January 7, 2008, Appellants filed a class action complaint in the United States Bankruptcy Court for the Middle District of Georgia alleging that Appellees, Appellants' creditors, assessed additional, undisclosed fees on Appellants' mortgages during their pending bankruptcy proceedings. Appellees filed a motion to dismiss the complaint on February 18, 2008. After a hearing on the motion, Bankruptcy Judge John T. Laney entered a Memorandum Opinion and final Order dismissing Appellants' Complaint (the "Memorandum Opinion" and the "April 10 Order").[3] The Memorandum Opinion explained that Appellees' motion to dismiss was granted "pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction." (Mem. Op. 6, Apr. 10, 2008.) The April 10 Order was entered separately on the docket and read, "For the reasons set forth in the memorandum opinion issued this date, [Appellees'] motion to dismiss the adversary proceeding is GRANTED." (Order 2, Apr. 10, 2008.) Appellants filed their notice of appeal with the bankruptcy clerk on Wednesday, April 23, 2008. On May 13, 2008, Appellees filed the presently-pending motions to dismiss the appeals (Docs. 7 & 14).

---

[2]The Court also has pending before it Appellants' Motions to Submit Supplemental Briefing (Docs. 13 & 20), which, for reasons discussed below, are denied.

[3]The Memorandum Opinion and April 10 Order were signed on April 9, 2008 but were not entered on the docket until April 10, 2008.

2

Appellees contend that this Court lacks jurisdiction to hear the presently-pending appeals because Appellants' notice of appeal was untimely.[4] Appellants concede that "[h]ad the [April 10 Order] been a final, appealable order with a subsequent entry of judgment, [Appellants'] notice of appeal would have been filed two days after the time expired to file the notice under the Federal Rules of Bankruptcy Procedure Rules 8001(a) and 9006(a)." (*See, e.g.,* Appellant Wade's Resp. to Mot. to Dismiss Appeal 2.) Appellants contend, however, that the time for filing an appeal had not yet begun to run because the clerk of the bankruptcy court never entered a "final" judgment in the case. Appellants also file motions seeking leave to file supplemental briefing regarding the bankruptcy court's failure to make an express finding that the proceedings before it were core proceedings. For the following reasons, the Court grants Appellees' motions to dismiss the appeals and denies Appellants' motions.

STANDARD OF REVIEW

"The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision."

---

[4]Appellees argue that Appellants actually missed three crucial deadlines: (1) the deadline to file their notice of appeal; (2) the deadline to seek an extension of time for filing their notice of appeal; and (3) the deadline to seek an extension of time to file their notice of appeal on grounds of excusable neglect. A party wishing to appeal an adverse order of the bankruptcy court may request an extension of time for filing a notice of appeal "by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c)(2).

3

*Williams v. EMC Mortgage Corp. (In re Williams)*, 216 F.3d 1295, 1296 (11th Cir. 2000). First, however, the district court must satisfy itself that it has jurisdiction to hear an appeal from the bankruptcy court. *See* 28 U.S.C. § 158(a) ("The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges . . . ."); *see also Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003) ("[F]ederal courts always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim."). "[T]he lack of a timely notice of appeal divests a district court of jurisdiction over a bankruptcy appeal." *See, e.g., Ala. Dep't of Human Res. v. Lewis*, 279 B.R. 308, 312 (S.D. Ala. 2002).

DISCUSSION

## I. Final Order

Appellants first argue that the April 10 Order was not "final," and thus the time for filing the notice of appeal never commenced. 28 U.S.C. § 158(a)(1) provides district courts with jurisdiction to hear certain appeals from final judgments, orders, and decrees of bankruptcy judges. Federal Rule of Bankruptcy Procedure 8001 provides that "[a]n appeal from a judgment, order, or decree of a bankruptcy judge to a district court . . . as permitted by 28 U.S.C. § 158(a)(1) . . . shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002." Fed. R. Bankr. P. 8001(a). Federal Rule of Bankruptcy Procedure 8002 requires such notice of appeal to be filed with the clerk "within 10 days of the

date of entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). This ten-day period is inclusive of weekends. *See* Fed. R. Bankr. P. 9006(a) ("When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."); *see also In re Williams*, 216 F.3d at 1297 n.3. When read together, these rules therefore require the entry of a *final* judgment, order, or decree to trigger the ten-day time period for the filing of a notice of appeal.

"As with other types of cases, a final order in a bankruptcy proceeding is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." *Clay County Bank v. Culton (In re Culton)*, 111 F.3d 92, 93 (11th Cir. 1997). Appellants contend that the April 10 Order was not final and appealable because it was unclear whether the dismissal ended the litigation on the merits and thus denied Appellants all relief. The Court rejects this contention. In the bankruptcy context, the Eleventh Circuit has found "the statutory requirement of finality is a flexible concept, grounded in the practicalities of the situation." *Martin Bros. Toolmakers, Inc. v. Indus. Dev. Bd. of the City of Huntsville (In re Martin Bros. Toolmakers, Inc.)*, 796 F.2d 1435, 1437 (11th Cir. 1986). Thus, "any order within a bankruptcy case which concludes a particular adversary proceeding should be deemed final and reviewable." *Id.*; *see also Martin v. Pahiakos (In re Martin)*, 490 F.3d 1272, 1275 (11th Cir. 2007) ("In bankruptcy proceedings, an

5

order is final and appealable if it resolves a particular adversary proceeding or controversy, rather than the entire bankruptcy litigation." (internal quotation marks and citation omitted)).

In this case, the bankruptcy judge's Memorandum Opinion states:

> Since [Appellants] fail to allege an injury in fact, the court must dismiss this case pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction. The court will not opine on any of the other issues raised or responded to as, without subject matter jurisdiction, any such discussion would be *dicta*. [Appellees'] motion to dismiss is GRANTED.
> An order in accordance with this opinion will be entered in each of the above cases.

(Mem. Op. at 6.) The Order accompanying the Memorandum Opinion states: "For the reasons set forth in the memorandum opinion issued this date, [Appellees'] motion to dismiss the adversary proceeding is GRANTED." (Order 2, Apr. 10, 2008.) The April 10 Order, which dismisses the adversary proceeding for lack of subject matter jurisdiction, was final and immediately appealable. While the April 10 Order did not end the entire bankruptcy case, it clearly ended this particular adversary proceeding. The bankruptcy court unequivocally found that it did not have subject matter jurisdiction over the adversary proceeding, and therefore, it dismissed the entire adversary proceeding.[5] No one could have reasonably expected that

---

[5]The bankruptcy court granted Appellees' motion, which was actually a motion to dismiss Appellants' Complaint, and the bankruptcy court styled it as a motion to dismiss the adversary proceeding. However, this is not a distinction that would change the ultimate result in this case. An order dismissing a complaint on the basis of lack of subject matter jurisdiction can be an immediately appealable final order. *See, e.g., Gonzci v. Countrywide Home Loans, Inc.*, 271 F. App'x 928, 929 (11th Cir. 2008) (per curiam) (appeal of grant of defendant's motion to dismiss based on plaintiff's lack of standing to bring suit under Federal Rule of Civil

6

there was any unfinished business left before the bankruptcy court regarding these adversary proceedings.⁶ *Cf., e.g., Winchester Global Trust Co. v. Entrust NPL, Corp. (In re Ryan)*, 276 F. App'x 963, at *2 n.1 (11th Cir. 2008) (finding that the Eleventh Circuit had jurisdiction because "the district court's order left nothing for the bankruptcy court to do but dismiss the adversary proceeding . . . for lack of subject matter jurisdiction" and therefore the order was "final and immediately appealable").

## II. Entry of Final Judgment

Appellants next contend that even if the Court concludes that the April 10 Order was final and appealable, the time for filing an appeal never began to run because the clerk never entered a final judgment pursuant to Federal Rule of Civil Procedure 58.⁷ Rule 58 provides that "[e]very judgment and amended judgment must be set out in a separate document[.]" Fed. R. Civ. P. 58(a). In addition, "the clerk must, without awaiting the court's direction, promptly prepare,

---

Procedure 12(b)(1) and 12(b)(6)).

⁶Appellants' conduct in appealing the April 10 Order confirms that they understood the April 10 Order was final and appealable.

⁷Federal Rule of Civil Procedure 58 is incorporated into the Federal Rules of Bankruptcy Procedure through Federal Rule of Bankruptcy Procedure 9021. Bankruptcy Rule 9021 provides:

> Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these rules.

7

sign, and enter the judgment when . . . the court denies all relief." Fed. R. Civ. P. 58(b)(1)(C).

Appellants first contend that the April 10 Order does not constitute a "judgment." However, Federal Rule of Civil Procedure 54, which is incorporated into the Federal Rules of Bankruptcy Procedure pursuant to Bankruptcy Rule 7054,[8] defines the term "judgment" to "include[] a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The Court has already found that the April 10 Order dismissing the adversary proceeding is an order from which an appeal lies. The April 10 Order thus constitutes a "judgment."

Appellants next argue that the clerk failed to comply with Rule 58 because the April 10 Order was prepared, signed, and entered by the bankruptcy judge, not the clerk. *See* Fed. R. Civ. P. 58(b)(1)(C) (directing *clerk* to "promptly prepare, sign, and enter the judgment when . . . the court denies all relief.") Appellants suggest that the bankruptcy clerk has the exclusive authority to prepare, sign, and enter such judgments even to the exclusion of the judge who decided the case. Nothing in Rule 58 prohibits the judge from actually preparing, signing, or entering the final judgment, which is what happened here.

Even pretermitting whether a judge has the implicit authority to enter final judgments in the cases he decides, the Court finds that

---

[8]Federal Rule of Bankruptcy Procedure 7054 provides, "Rule 54(a)-(c) F.R.Civ.P. applies in adversary proceedings." Fed. R. Bankr. P. 7054(a).

8

Rule 58(b)(1) gives the judge express authority to do so. It requires that the clerk "promptly prepare, sign, and enter the judgment" "unless the court orders otherwise[.]" Fed. R. Civ. P. 58(b)(1). When a judge prepares, signs and enters the judgment, the judge has "order[ed] otherwise." The Court rejects Appellants' argument that the judge who actually decides the case is prohibited from preparing, signing, and entering the judgment.

In sum, the Court finds that the April 10 Order was final, appealable, and complied with Federal Rule of Civil Procedure 58. Thus, if Appellants wished to appeal the bankruptcy court's decision, they were required to file their notice of appeal within ten days of the entry of the April 10 Order. It is undisputed that Appellants did not do so. Appellants also failed to file a timely motion to seek an extension of time on the basis of excusable neglect pursuant to Federal Rule of Bankruptcy 8002(c)(2). Appellants' failure to file timely appeals deprives this Court of jurisdiction to review the April 10 Order of the bankruptcy court. Thus, Appellees' motions to dismiss the pending appeals are granted.[9]

---

[9]Appellants contend that "[i]n preparing their Appellate Brief for submission to the Court, [Appellants] discovered the bankruptcy court below failed to make a determination as to whether the adversary proceeding filed by the [Appellants] was a core or non-core proceeding." (Appellant Wade's Mot. to Submit Supplemental Briefing 1.) Appellants argue that the bankruptcy court's failure to make this determination "is critical in determining what, if any, jurisdiction this Court has in the appeal currently pending before it," and Appellants therefore request the opportunity to submit supplemental briefing addressing the issue. (*Id.*)

The Court recognizes that a split of authority exists "as to whether the absence of an explicit core finding under section 157(b)(3) deprives the bankruptcy court of jurisdiction [to enter a final order] even where the parties fail to make a timely request under section 157(b)(3) for a

9

CONCLUSION

For the reasons stated herein, the Court grants Appellees Homecomings Financial LLC's and GMAC's Motions to Dismiss Appeal (Docs. 7 & 14).  The Court denies Appellants' Motions to Submit Supplemental Briefing (Docs. 13 & 20).

IT IS SO ORDERED, this 28th day of August, 2008.

        S/Clay D. Land
          CLAY D. LAND
     UNITED STATES DISTRICT JUDGE

---

determination whether a proceeding is a core proceeding." *Maurer v. Maurer (In re Maurer)*, 271 B.R. 207, 211 (Bankr. M.D. Fla. 2002). However, if Appellants wish to contest the validity of the April 10 Order based on the bankruptcy court's failure to make an express finding that the proceedings before it were core, Appellants should seek relief in the bankruptcy court. *See, e.g., Lewis*, 279 B.R. at 312 ("Rule 60(b)(4) is the appropriate vehicle by which to attack jurisdictional defects of purported judgments." (internal quotation marks and citation omitted)); *In re Maurer*, 271 B.R. at 210, 210 n.12 (bankruptcy court applied Federal Rule of Civil Procedure 60(a) to correct inadvertent omission of explicit finding that proceedings were core). The Court therefore denies Appellants' motions seeking leave to file supplemental briefing related to this issue.